IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-135-RAW |
| ) | |
| FRANK WILLIAM CATRON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the court is the objection of the government (#47) to the Report and Recommendation (#45) of the United States Magistrate Judge. Defendant has filed a response (#49) to the objection. The Magistrate Judge recommended that the defendant's motion to suppress be granted.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Rule 59(b)(3). The undersigned has reviewed the available

record.[1]   The factual background is set forth in the Report and Recommendation.

In *Illinois v. Caballes,* 543 U.S. 405 (2005) the Supreme Court held that "a dog sniff conducted <u>during</u> a lawful traffic stop does not violate the Fourth Amendment's proscription of unreasonable seizures." *Rodriguez v. United States,* 575 U.S. 348, 350 (2015)(emphasis added).  In *Rodriguez,* the Court addressed "the question whether the Fourth Amendment tolerates a dog sniff conducted <u>after</u> <u>completion</u> of a traffic stop." *Id.* (emphasis added).  Stated differently, the Court said it was resolving the question "whether police routinely may <u>extend</u> an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff." *Id.* at 353 (emphasis added).

"Authority for the seizure thus ends when tasks tied to the traffic infraction are – or reasonably should have been – completed." *Rodriguez,* 575 U.S. at 354.  "An officer may not prolong the traffic stop to conduct an unrelated investigation without reasonable suspicion that the detainee is engaged in criminal activity." *United States v. Leon,* 80 F.4th 1160,

---

[1] The government evidently did not arrange for transcribing the record, as required by Rule 59(b)(2).

1165 (10th Cir.2023). "The moment at which this reasonable suspicion becomes necessary is known as the '*Rodriguez* moment.'" *Id.*

The Magistrate Judge found that the officers lacked reasonable suspicion and that therefore "all statements made and evidence obtained following the *Rodriguez* moment should be suppressed." (#45 at 16). The government objects, citing (1) defendant's prolonged nervous behavior; (2) defendant's attempt to avoid law enforcement; and (3) defendant's recent drug-related criminal history.[2]

The government's objection is well-argued (as is the defendant's response), but the undersigned finds the detailed and thorough Report and Recommendation persuasive.

It is the order of the court that the objection of the government (#47) to the Report and Recommendation is overruled. The Report and Recommendation (#45) is approved and adopted as the order of the court. The motion of the defendant to suppress (#29) is hereby granted.

---

[2] These are the government's labels for each category (which may sound powerful in the abstract), but the Magistrate Judge's analysis demonstrates their weakness. In his response, defendant addresses a fourth category: defendant's tainted consent and the totality of the circumstances. (#49 at 6-7). The government does not rely on consent in its objection.

**ORDERED THIS 8th DAY OF DECEMBER, 2025.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**